UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

PETER C. CASTELLOTTI, SR.,

                        Plaintiff,

      -against-

ESTATE OF MADELINE CASTELLOTTI,
and LISA FREE a/k/a LISA CASTELLOTTI,
as executrix of the Estate of Madeline Castellotti
and in her individual capacity,

                        Defendants.
---------------------------------------------------------------X

**COMPLAINT**

Civil Action No.

      Plaintiff, Peter C. Castellotti, Sr., as and for his complaint against the Defendants, the Estate of Madeline Castellotti and Lisa Free a/k/a Lisa Castellotti, individually and as executrix of the Estate of Madeline Castellotti, alleges as follows:

## THE PARTIES

      1.     Plaintiff Peter C. Castellotti, Sr., ("Plaintiff"), is an individual residing in the State of Florida, County of Broward.

      2.     Defendant the Estate of Madeline Castellotti, ("the Estate") is a legal estate which arose upon the death of Madeline Castellotti who passed away on June 7, 2004 in the State of New York leaving a Last Will and Testament dated May 26, 2004 naming Defendant Lisa Free a/k/a Lisa Castellotti as executrix of the Estate.

      3.     Defendant Lisa Free a/k/a Lisa Castellotti ("Free") is an individual residing in the State of New York, County of Richmond, who was appointed as the executrix of the Estate.

1

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the Plaintiff is a resident of the State of Florida and Free is a resident of the State of New York, and the amount in controversy exceeds the sum or value of $75,000.00, excluding interests and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) in that Defendant Free resides within the judicial district of this Court and the Estate was formed within the judicial district of this Court.

## SUMMARY OF FACTS

6. On or about March 31, 2005, Free, in her capacity as the executrix of the Estate, sought a loan from the Plaintiff in the amount of $385,000.00 ("the Principal Amount").

7. Plaintiff agreed to lend the Principal Amount to the Estate and, on or about March 31, 2005, a written promissory note was signed by the Defendant, on behalf of the Estate, ("the Note") setting forth the terms of the loan.

8. Pursuant to ¶1 of the Note, interest on the Principal Amount accrued at the rate of 5.5% per annum ("the Initial Rate").

9. Pursuant to ¶2 of the Note, the Principal Amount together with accrued interest thereon, in the total amount of $590,854.31, ("the Repayment Amount") was to be paid to Plaintiff on April 1, 2013.

10. Pursuant to ¶8 of the Note, in the event Free failed to make the Repayment Amount to Plaintiff, the rate of interest on the unpaid Principal Amount would increase 5.0% percent over the Initial Rate.

11. Pursuant to ¶11 of the Note, if the Note is referred to an attorney for collection, then

the maker agrees to pay reasonable attorneys fees, plus costs, to the Plaintiff for its costs incurred to collect the sums due under the Note.

12. On or about March 31, 2005, Plaintiff provided the Principal Amount to Free in consideration of the covenants and terms agreed upon between the parties under the Note.

13. On April 1, 2013, Free failed to pay to Plaintiff the Repayment Amount as required under the Note. Accordingly, as of April 1, 2013, the interest on the unpaid Principal Amount owed to the Plaintiff under the Note increased to 10.5% per annum.

14. Free has not paid to Plaintiff any portion of the Repayment Amount. The Repayment Amount continues to accrue interest at the rate of 10.5% per annum since April 1, 2013. As of March 31, 2017, the total outstanding amount owed to Plaintiff pursuant to the terms of the Note shall be $880,905.90.

**FIRST CAUSE OF ACTION**
**FOR BREACH OF AGREEMENT**

15. Plaintiff repeats paragraphs 1 through 14 as if each was more fully set forth at length herein.

16. The Estate and Free, as the executrix of the Estate, have breached the terms of the Note and have failed to pay to Plaintiff the sums due to him pursuant to the terms of the Note.

17. The total amount due to the Plaintiff pursuant to the terms of the Note, as of March 31, 2017, will be $880,905.90.

18. By reason of the foregoing, Plaintiff has been damaged and demands judgment against the Estate and Free, personally and in her capacity as executrix of the Estate, for all amounts due and owing to Plaintiff under the Note.

## SECOND CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

19. Plaintiff repeats paragraphs 1 through 18 as if each was more fully set forth at length herein.

20. By reason of Free's position as the executrix and personal representative of the Estate, Free has a duty to pay to creditors of the Estate all debts incurred and owed by the Estate to such creditors in an expeditious and efficient manner. Such debts must be repaid to creditors prior to settling and distributing the Estate's assets to any beneficiaries, legatees or distributees.

21. Plaintiff, by reason of the terms of the Note and the monies owed to him thereunder, is a creditor of the Estate. Free owes a fiduciary duty to Plaintiff and was obligated, as a fiduciary, to repay to Plaintiff all sums due under the Note prior to distributing any of the Estate's assets to any beneficiaries, legatees or distributees.

22. Free has failed to repay the amounts due to the Plaintiff from the Estate notwithstanding the fact that the Estate had sufficient assets to do so. Free distributed those assets to its beneficiary, which was Free herself, to the detriment of Plaintiff.

23. Free has breached her fiduciary duty to Plaintiff by failing to pay Plaintiff the amounts due under the Note.

24. By reason of the foregoing, Plaintiff has been damaged and demands judgment against Free, personally, for all amounts due and owing to Plaintiff under the Note.

## THIRD CAUSE OF ACTION
## FOR ATTORNEY FEES AND COSTS

25. Plaintiff repeats paragraphs 1 through 24 as if each was more fully set forth at length herein.

26. Pursuant to ¶11 of the Note, Plaintiff is entitled to recover from the Estate and Free, personally, all reasonable attorneys fees and costs which Plaintiff incurs to collect the sums due to him under the Note.

27. By reason of the foregoing, Plaintiff demands judgment against the Estate and Free, personally, for all attorneys fees and costs he incurs to collect the sums due to him under the Note.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants, on each cause of action as follows:

(i) On the First Cause of Action against the Estate and Free, personally and in her capacity as executrix of the Estate, all amounts due and owing to Plaintiff under the Note;

(ii) On the Second Cause of Action against Free, personally, for all amounts due and owing to Plaintiff under the Note;

(iii) On the Third Cause of Action against the Estate and Free, personally, for all attorneys fees and costs incurred by Plaintiff to collect the sums due under the Note;

(iv) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 17, 2017

MOULINOS & ASSOCIATES LLC
*Attorneys for Plaintiff*

_____
By: Peter Moulinos, Esq. (PM – 5548)
150 East 58th Street – 25th Floor
New York, New York 10155
(212) 832-5981
peter@moulinos.com