

The Law Firm of
**MOULINOS & ASSOCIATES**
Limited Liability Company

150 East 58th Street, 25th Floor, New York, New York 10155
Tel 212.832.5981 • Fax 212.832.5982
www.moulinos.com

**BY ELECTRONIC CASE FILING (ECF)**

December 11, 2017

Hon. Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Castellotti v. Estate of Castellotti and Free
        Case No. 17 CV 1512(NG)

Honorable Madame:

Our office represents the Plaintiff Peter Castellotti ("Plaintiff") in the above referenced action. Discovery in this action closed on December 8, 2017. We write to you, pursuant to Your Honor's Individual Rules, to request a pre-motion conference for Plaintiff's anticipated motion, pursuant to F.R.C.P. 56, for summary judgment against the Defendants.

This is a simple action brought by the Plaintiff to recover monies owed to him by the Estate of Madeline Castellotti ("the Estate") pursuant to a Promissory Note ("the Note") signed by Defendant Lisa Castellotti a/k/a Lisa Free ("Free"), in her capacity as the executrix of the Estate. The Principal amount of the Note is $385,000.00 ("the Principal Amount"). The Note was due and payable on April 1, 2013 ("the Repayment Date") in the amount of $590,854.31 ("the Repayment Amount"). Upon failure to pay the Note by the Repayment Date, interest accrues at the rate of 10.5% annually. The Estate failed to provide the Repayment Amount to Plaintiff by the Repayment Date. The total amount currently due and outstanding to the Plaintiff, for principal and accrued interest as of the date hereof is $945,274.58 ("the Outstanding Amount"). Additionally, the Note provides that Plaintiff is entitled to recover his reasonable attorney fees incurred to collect any monies due under the Note. A copy of the Note is attached hereto as Exhibit A. A copy of a schedule reflecting the Outstanding Amount, not including the reasonable attorney fees and costs Plaintiff has incurred in this action, is attached as Exhibit B.

The First Amended Complaint filed herein asserts three causes of action against the Defendants for: (1) breach of contract for failure to pay the Note by the Repayment Date; (2) breach of fiduciary duty against Ms. Free for failure to pay the Estate's debts prior to settling and distributing the Estate's assets; and, (3) attorneys' fees and costs.



The Law Firm of
**MOULINOS & ASSOCIATES**
Limited Liability Company

December 11, 2017

Hon. Nina Gershon
United States District Court

                                Re: Castellotti v. Estate of Castellotti and Free
                                   Case No. 17 CV 1512(NG)

Actions for recovery on a promissory note are appropriately decided by motion for summary judgment because "[a] promissory note stands on its own and establishes the plaintiff's right to payment." Crotona 1967 Corp. v. Vidu Bros. Corp., 925 F.Supp.2d 298 (E.D.N.Y. 2013). To make out a *prima facie* case under New York law, plaintiff must simply show proof of the note and the defendant's failure to pay by its maturity date. HICA Educ. Loan Corp. v. Yunatanov, 2013 WL 3288452 (E.D.N.Y. 2013). Once the *prima facie* case is established, then the burden shifts to the defendant to prove a bona fide defense and triable issue of fact against the note. Camofi Master LDC v. College Partnership Inc., 452 F.Supp.2d 462 (S.D.N.Y. 2006).

A representative of an estate is a fiduciary of his creditors and, among the duties of the executor, is to pay creditors before beneficiaries are paid. Estate of Hollinger, 93 Misc.2d 926, 403 N.Y.S.2d 857 (Nassau Cty. 1978). An executor must retain sufficient estate assets in its possession to repay creditors, prior to disbursing those estate assets to beneficiaries, and may be personally liable for failure to do so. In the Matter of Moose, 241 A.D. 329, 272 N.Y.S. 140 (4th Dept. 1934).

The elements required for a breach of a fiduciary duty claim are: (1) the existence of a fiduciary relationship; (2) misconduct by the defendant; and (3) damages directly caused by the defendant's misconduct. Saul v. Cahan, 153 A.D.3d 947, 61 N.Y.S.3d 265 (2nd Dept. 2017).

In the instant action, Plaintiff has demonstrated, and Defendants have conceded, that Plaintiff loaned the Principal Amount to the Estate and that the Note was validly signed by Ms. Free on behalf of the Estate. Plaintiff has clearly established that he was never paid the Repayment Amount, or any portion of the Principal Amount, and that the Note remains due and outstanding. Defendants have not produced any proof or evidence of any payment towards the Principal Amount or the Repayment Amount. Accordingly, summary judgment against Defendants, and in favor of Plaintiff, must be granted on Plaintiff's first cause of action, based on the Defendants' failure to provide payment as required under the Note.



The Law Firm of
**MOULINOS & ASSOCIATES**
Limited Liability Company

December 11, 2017

Hon. Nina Gershon
United States District Court

         Re: Castellotti v. Estate of Castellotti and Free
         Case No. 17 CV 1512(NG)

There is also no issue of fact that Ms. Free is a fiduciary of the Estate, in her role as executrix, and owes a fiduciary duty to the Plaintiff, as a creditor. Ms. Free has breached her fiduciary duty by failing to provide payment of the Repayment Amount to the Plaintiff, under the Note, while also disbursing the Estate's assets to its sole beneficiary, which is Ms. Free herself, without retaining sufficient monies to repay the Note. Plaintiff is clearly damaged by such conduct. Accordingly, summary judgment against Ms. Free, and in favor of Plaintiff, must be granted on Plaintiff's second cause of action.

Finally, paragraph 11 of the Note provides that if the Note "is referred to an attorney for collection, then each party liable for the payment hereof as maker, endorser, or guarantor, agrees that reasonable attorney's fees, plus costs, shall be added to such amount and shall be payable as part thereof". There is no issue of fact that, by reason of Defendants' failure to pay the Repayment Amount to Plaintiff and the filing of this action, Plaintiff is entitled to collect his reasonable attorneys' fees and costs incurred in this action. Accordingly, summary judgment against Defendants, and in favor of Plaintiff must be granted on Plaintiff's third cause of action.

We respectfully request a pre-motion conference on this matter and remain available to answer any questions you may have in the interim. Thank you for your courtesy.

Yours faithfully,

Peter Moulinos

cc.: James Lemonedes, Esq. with Fox Rothschild LLP (service by Federal Express)
  Samuel Kadosh, Esq. with Reed Smith LLP (service by Federal Express)