

Δπ EXHIBIT 1
Deponent
Date 9/27/17 Rptr. JS
WWW.DEPOBOOK.COM

# PROMISSORY NOTE

$385,000.00                                                                                          New York
                                                                                                   April 1, 2005

FOR VALUE RECEIVED, the Estate of Madeline Castellotti (which estate arose upon the death of Madeline Castellotti, late of Staten Island, New York, who died June 7, 2004, leaving a Last Will and Testament dated May 26, 2004 naming Lisa Castellotti as Executrix), whose address is 59 Jansen Street, Staten Island, New York 10312 (together with its successors and assigns, hereinafter referred to as the "Borrower"), hereby unconditionally promises to pay to the order of Peter C. Castellotti, Sr., whose address is 3080 North East 47th Court, Lauderdale by the Sea, Florida 33309 (together with her successors and assigns, hereinafter referred to as the "Lender"), the principal sum of THREE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($385,000.00), together with accrued interest thereon at the rate set forth hereinbelow (hereinafter referred to as the "Loan"), at the times and in the manner specified herein.

1. **INTEREST.** Interest shall accrue on the unpaid principal balance of the Loan, in arrears, from the date hereof, at the rate of Five and One Half Percent (5.50%) *per annum*.

2. **PAYMENT OF PRINCIPAL AND INTEREST.** The principal amount of the Loan, together with accrued interest thereon, calculated as provided in Section 1 above, shall be repaid by the Borrower to the Lender in the following manner: On April 1, 2013, the Borrower shall make a payment of principal and accrued interest in the amount of Five Hundred Ninety Thousand Eight Hundred Fifty-Four and 31/100 Dollars ($590,854.31).

3. **PREPAYMENT.** The Borrower may, in its discretion, prepay the Loan, in whole or in part, at any time. Any such prepayment of principal shall be accompanied by accrued interest thereon through and including the date upon which the prepayment is made.

4. **PLACE AND MANNER OF PAYMENT.** All payments of principal and interest shall be made by the Borrower to the Lender at 3080 North East 47th Court, Lauderdale by the Sea, Florida 33309, or at such other place as the Lender may designate in writing to the Borrower, in immediately available funds.

PLAINTIFF 0001

5. **REPRESENTATIONS, WARRANTIES, AND COVENANTS OF THE BORROWER.** The Borrower covenants and agrees that, from the date hereof until payment in full of the principal of, and accrued interest on, this Note, it shall comply with the following requirements:

    (a) As soon as available but in any event within ten (10) days of the filing thereof, the Borrower shall submit to the Lender a copy of its Federal estate tax return, together with copies of all schedules filed therewith.

    (b) As soon as available but in any event within ninety (90) days following the end of each calendar year during the term of the Loan, the Borrower shall furnish the Lender with a copy of its balance sheet, statement of income and cash flows, as of the last day of such calendar year, each such statement to be prepared in accordance with generally accepted accounting principles consistently applied.

6. **EVENTS OF DEFAULT.** Any of the following occurrences shall be deemed an "Event of Default" hereunder, and shall entitle the Lender, at its option, to exercise any right or remedy available to it hereunder or thereunder, or by statute, at law or in equity:

    (a) If any representation or warranty made by the Borrower in any report, certificate, financial statement or instrument furnished in connection herewith shall prove to have been inaccurate in any substantial and material respect as of the date or dates with respect to which it is deemed to have been made.

    (b) The Borrower shall have failed to make any payment of principal and interest described in Section 2 above, within ten (10) days of its due date. In the event that any such payment shall not be received by the Lender within such ten (10) day period, the Lender shall, in addition to and not to the exclusion of any of its other rights under this Note, be entitled to, and the Borrower shall pay to the Lender, a late charge equal to five percent (5%) of the overdue payment. Late charges assessed by the Lender are immediately due and payable. Payments are deemed made on the banking date upon which payment is received by the Lender; payments received after 3:00 p.m. will be deemed made on the next banking day.

    (c) The Borrower shall have failed duly to observe or perform any covenant, condition or agreement with respect to the payment of monies on its part to be observed or performed pursuant to this Note, other than the payment of principal and interest which shall be governed by (b) above, and such default shall have remained uncured for a period of fifteen (15) days after notice thereof to the Borrower by the Lender.

(d) The Borrower shall have failed duly to observe or perform any covenant, condition or agreement on its part to be observed or performed pursuant to the terms of this Note, other than the payment of monies which shall be governed by (b) and (c) above, and such default shall have remained uncured for a period of thirty (30) days after notice thereof to the Borrower by the Lender.

(e) (1) The Borrower shall have applied for or consented to the appointment of a custodian, receiver, trustee or liquidator of all or a substantial part of its assets; or (2) a custodian shall have been appointed with or without consent of the Borrower; or (3) the Borrower shall generally not be paying its debts as they become due; or (4) the Borrower shall have made a general assignment for the benefit of creditors; or (5) the Borrower shall have filed a voluntary petition in bankruptcy or a petition or an answer seeking reorganization or an arrangement with creditors, or have taken advantage of any insolvency law or have filed an answer admitting the material allegations of a petition in bankruptcy, reorganization or insolvency proceeding; or (6) a petition in bankruptcy shall have been filed against the Borrower and shall not have been dismissed for a period of forty-five (45) consecutive days, or if an order for relief has been entered under the Bankruptcy Code; or (7) an order, judgment or decree shall have been entered without the application, approval or consent of the Borrower by any court of competent jurisdiction appointing a receiver, trustee, custodian or liquidator of the Borrower or of a substantial part of its assets and such order, judgment or decree shall have continued unstayed and in effect for any period of forty-five (45) consecutive days.

(f) The Borrower shall have transferred, or caused to be transferred, all or substantially all of its assets, to any person or entity without the prior, written consent of the Lender.

(g) A writ of execution or attachment or any similar process shall be issued or levied against all or any part of or interest in any of the substantial properties or assets of the Borrower, or any judgment involving monetary damages shall be entered against the Borrower which shall become a lien on the Borrower's substantial properties or assets or any portion thereof or interest therein and an appeal shall not be taken and actively prosecuted with respect to such judgment within thirty (30) days of its entry, or such execution, attachment or similar process shall not be released, bonded, satisfied, vacated or stayed within thirty (30) days after its entry or levy, and said writ of execution, attachment, levy or judgment shall involve monetary damages aggregating more than $50,000.00.

(h) The Borrower shall have entered into any secondary financing or shall have consented to the placing of any lien or encumbrance upon its assets, without the Lender's prior, written consent.

PLAINTIFF 0003

(i) There shall occur a material adverse change in the financial condition of the Borrower.

(j) An event of default (after taking into account any applicable grace or cure period) shall have occurred within the meaning of any other indebtedness of Borrower to Lender.

7. WAIVER. The Borrower and any endorser(s) or guarantor(s) hereof, severally and jointly waive presentment, demand for payment, protest, notice of protest, and any defense by reason of extension of time for payment or other indulgence granted by the Lender or by any subsequent holder hereof.

8. DEFAULTED INTEREST RATE. To the extent permitted by law, whenever there is any Event of Default under this Note, or non-payment upon demand, the rate of interest on the unpaid principal balance shall, at the option of the Lender, be five percent (5%) over the rate set forth herein.

9. REMEDIES. Upon the occurrence of an Event of Default, as defined herein, the Lender may, in addition to any and all other rights and remedies accorded to it by statute, at law or in equity (a) declare all amounts payable hereunder (including all outstanding principal and accrued interest thereon), to be immediately due and payable, without presentment, demand, protest or other notice of any kind, all of which are expressly waived hereby; and/or (b) hold as security for the payment hereof any other property heretofore or hereafter delivered into the custody, control or possession of the Lender for any reason or purpose whatsoever, by any person liable for the payment hereof as maker, endorser or guarantor.

10. MODIFICATION OF TERMS BY LENDER. The Lender may, without notice as to any endorser or guarantor, and without impairing or in any way affecting the liability of such person to the Lender, (a) extend or otherwise alter the time for payment of this Note, with the consent of the Borrower; or, (b) without notice as to any endorser or guarantor, alter any other term of this Note by agreement with the Borrower; or, (c) release, settle or compromise with any other party liable for the payment hereof; or, (d) release or substitute for or fail to protect any interest in any collateral held by the Lender as security for the payment of any sum owing to the Lender by any party hereto; or, (e) accept a check or other order marked "paid in full" or with similar language as a payment under this Note.

11. ATTORNEY'S FEES. If this Note is referred to an attorney for collection, then each party liable for the payment hereof as maker, endorser or guarantor, agrees that reasonable attorney's fees, plus costs, shall be added to such amount and shall be payable

PLAINTIFF 0004

as part thereof. Attorney's fees may be collectible from the collateral to the extent permitted under the Bankruptcy Code or other law.

12. BINDING EFFECT. This Note shall be binding upon the Borrower, its successors and assigns, and shall inure to the benefit of the Lender and its successors or assigns.

13. GOVERNING LAW. Regardless of where this Note may be executed or payments hereon collected, the provisions hereof and the rights and obligations of all parties hereto shall be governed by and construed in accordance with the laws of the State of New Jersey.

TIME IS OF THE ESSENCE OF THIS NOTE.

IN WITNESS WHEREOF, the undersigned has executed this Note on the date and year first above written.

WITNESS:

BORROWER:
Estate of Madeline Castellotti

By: _____
Lisa Castellotti, Executrix

STATE OF NEW YORK )
)ss:
COUNTY OF R1chmond

I CERTIFY that on April 21st, 2005, LISA CASTELLOTTI, personally came before me and this person acknowledged under oath, to my satisfaction, that:

(a) this person signed, sealed and delivered the attached document as Executrix of the Estate of Madeline Castellotti, the Estate named in this document; and

(c) this document was signed and made by the Estate as its voluntary act and deed by virtue of authority under the Last Will and Testament of Madeline Castellotti dated May 26, 2004.

NOTARY PUBLIC OF NEW JERSEY

Upasanya M. Basu
Notary Public Richmond County, NYS
01DA5042347
Exp. of Commission: 5-1-07