

**Steven Cooper**
Direct Phone:  +1 212 205 6027
Email:  scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 18, 2017

**VIA ECF**

Hon. Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:** *Peter Castellotti v. Estate of Madeline Castellotti et al.*, 1:17-CV-01512 (E.D.N.Y.) (NG) (PK)

Dear Judge Gershon:

We represent Defendants Estate of Madeline Castellotti ("Estate") and Lisa Free a/k/a Lisa Castellotti ("Free"), as executrix of the Estate of Madeline Castellotti and in her individual capacity (collectively, "Defendants"), in the above-referenced action.  Pursuant to Your Honor's Individual Practices, we write to respond to Plaintiff Peter Castellotti's ("Plaintiff") request for a pre-motion conference to seek permission to file a motion for summary judgment. The motion for summary judgment is premature and wasteful as there are responses to non-party subpoenas that are outstanding, and there are fact issues regarding the repayment of the loan at issue.

By way of background, Free became the executrix of her mother Madeline Castellotti's estate when her mother passed away in June 2004.  In connection with paying the estate taxes, Free, in her capacity as executrix, obtained a $385,000 loan from her father, the Plaintiff.  Free signed a written promissory note (the "Note") on or about April 21, 2005.  Pursuant to the Note's terms, interest on the Principal Amount accrued at the rate of 5.5% per annum and the Principal Amount together with accrued interest, in the total amount of $590,854.31 ("the Repayment Amount") was to be repaid to Plaintiff on or before April 1, 2013 ("Repayment Date").  Plaintiff alleges that Free failed to pay the Principal Amount or Repayment Amount by the Repayment Date, triggering an increased interest rate of 10.5% per annum that continues to accrue on the Repayment Amount.  Plaintiff seeks repayment in the amount of $945,274.58 and attorneys' fees.

Nearly twelve years elapsed before Plaintiff made any attempt to collect on the loan.  Between April 2005 and March 8, 2017, Plaintiff never made a verbal or written demand of repayment on the Note from Free.  (*See* Peter Castellotti Sr. Deposition Transcript ("Peter Dep.") at 36:5-37:2).  Plaintiff has not even spoken to Free in the last seven years. (*See* Peter Dep. at 21:16-18).  In fact, it was apparently not until Free produced the Note in a separate N.Y. state court action involving Free's brother, Peter Castellotti Jr. ("Peter Jr."), that Plaintiff subsequently filed this action.

Free has maintained unequivocally throughout this litigation that Plaintiff was repaid.  (*See* Lisa Free Dep. Testimony ("Free Dep.") at 21:3-19; 28:22-25; 29:11-15; 30:6-9; 33:17-22).

The Honorable Nina Gershon
December 18, 2017
Page 2



On December 11, 2017, Plaintiff requested a pre-motion conference seeking permission to file a summary judgment motion. Plaintiff's request should be denied because (i) summary judgment is premature as outstanding discovery still remains as to Free's bank records from J.P. Morgan Chase ("Chase"), and (ii) there are issues of fact concerning Plaintiff's claims.

### 1. Outstanding Discovery Still Remains

Plaintiff's request to file a motion for summary judgment is premature because there is outstanding discovery as to Free's bank records at Chase. Specifically, Free issued three subpoenas to Chase on November 14, November 27, 2017 and December 7, 2017 for bank records pertaining to the loan repayment, and there are open issues with respect to all three subpoenas.

Defendants' November 14, 2017 subpoena requested bank records from March 31, 2005 to April 2, 2013 for three separate accounts. However, Chase only provided bank statements from December 2007 until April 2013 for one account. Chase is presently confirming that it has no additional records responsive to this subpoena.

The November 27, 2017 subpoena sought information about two payments in the amount of $413,000 and $70,000 in July 2005 from the account of the estate. This subpoena was based on newly discovered information by Free. Chase initially sought until late January 2018 to produce documents responsive to this subpoena. However, Defendants' counsel informed Chase of the deadlines in this case, and it agreed to produce the records shortly.

Finally, the December 7, 2017 subpoena seeks the account statements for one additional Chase account from which the payment may have been made.[1]

The Chase bank records go to Defendants' repayment of the loan. Defendants will be prejudiced if this outstanding discovery is not completed prior to Plaintiff's motion for summary judgment. Accordingly, Plaintiffs' motion is premature, and the Court should deny Plaintiff's request. *See Brenntag Intern. Chemicals, Inc. v. Norddeutsche Landesbank GZ*, No. 97 Civ. 2688, 1998 WL 542310, at *2 (S.D.N.Y. Aug. 25, 1998) (additional discovery was warranted and summary judgment was premature where uncompleted discovery related to the merits of defendant's claims and defenses, and therefore precluded a fair adjudication of the matter); *Mejia v. United States,* No. 13-cv-01789, 2016 WL 4579084, at *7 (S.D.N.Y. Aug. 13, 2016) (government's motion for summary judgment was premature where plaintiff demonstrated that outstanding discovery exists that may create a genuine issue of material fact as to plaintiff's claim).

### 2. There Are Issues of Fact If Potentially Relevant Bank Records Are Unavailable

In any event, Plaintiff's motion for summary judgment should be denied because Free testified that she repaid the loan. Chase informed Defendants that, as a general rule, it only retains seven years of bank records. Plaintiff's delay until March 2017 in seeking repayment of the loan ensured that there would be no records reflecting repayment of the loan in 2005-2007.

---

[1] The parties held a meet and confer concerning the terms of this subpoena on December 14, 2017.

The Honorable Nina Gershon
December 18, 2017
Page 3



Under the Federal Rules of Evidence, once a party establishes that a record has been lost or destroyed, *see* Fed.R.Evid. 1004(1), or that the record cannot be obtained by any available judicial process or procedure, *see* Fed.R.Evid. 1004(2), other evidence of the contents of the record is admissible; Free's testimony is presently the best evidence concerning repayment of the loan.

To establish that a record is lost or destroyed, a party must convince the court that he or she made a reasonable, diligent, and unsuccessful search for the original. *See Burt Rigid Box, Inc. v. Travelers Prop. & Cas. Corp.*, 302 F.3d 83, 91-92 (2d Cir. 2002) (noting that to admit secondary evidence under Rule 1004 the proponent must "demonstrate that it has made a diligent but unsuccessful search and inquiry for the missing [original]") (quotations omitted). Similarly, a party seeking to show that an original document cannot be obtained by any available judicial process or procedure must demonstrate that it has made reasonable and diligent use of all judicial processes and procedures that are available. *See New York v. Blank*, 820 F.Supp. 697, 702-03 (N.D.N.Y. 1993) (proof of diligent efforts to obtain an original insurance policy was shown where the proponent of secondary evidence propounded discovery requests on the issuer, which admitted that the original was no longer in its custody), *vacated on other grounds*, 27 F.3d 783 (2d Cir. 1994).

Free testified that she paid Plaintiff the Principal Amount by check. (*See* Free Dep. at 21:3-19; 28:22-25; 29:11-15; 30:6-9; 33:17-22). Here, Free's non-production of her 2005-2007 bank records is due to circumstances beyond her control. First, Plaintiff delayed bringing this suit until 2017. Second, the relevant bank records are likely unavailable due to Chase's seven year document retention policy. Finally, Free testified that in 2012, her brother Peter Jr. took boxes of potentially relevant documents from Free's office in search of evidence for his state court action. (*See* Free Dep. at 21:20-23:21). Free made a diligent search for these bank records by searching her own files and by issuing several subpoenas to Chase, and the 2005-2007 bank records are unavailable. Therefore, Free's testimony is the best evidence of the repayment. Accordingly, summary judgment is not appropriate because Free's testimony creates issues of fact.

Respectfully, the Court should deny Plaintiff's request for a pre-motion conference concerning Plaintiff's anticipated motion for summary judgment.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Steven Cooper*
Steven Cooper


cc:   All Counsel of Record (via ECF)