UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER C. CASTELLOTTI, Sr.,

                Plaintiff,

       - against -

ESTATE OF MADELINE CASTELLOTTI, and
LISA FREE a/k/a LISA CASTELLOTTI, as
executrix of the Estate of Madeline Castellotti and
in her individual capacity,

                Defendants.
------------------------------------------------------------x

OPINION AND ORDER

17 Civ. 1512 (NG)(PK)

GERSHON, United States District Judge:

Plaintiff Peter Castellotti, Sr. brings this action against the Estate of Madeline Castellotti (the "Estate") and Lisa Free, née Castellotti ("Ms. Free"), in both her individual capacity and her capacity as executrix of the Estate. Ms. Free now moves for summary judgment on plaintiff's claims against her for breach of contract and breach of fiduciary duty. For the reasons that follow, the motion is granted in part and denied in part.

## FACTUAL BACKGROUND[1]

Plaintiff is the father of Ms. Free and the former spouse of Madeline Castellotti, Ms. Free's mother. Madeline Castellotti died on June 7, 2004 in New York State, leaving a Last Will and Testament dated May 26, 2004 that named Ms. Free as executrix of the Estate. In order to pay taxes owed by the Estate, Ms. Free, in her capacity as executrix, borrowed $385,000 from plaintiff. A written promissory note (the "Note") was drafted by the parties and signed by Ms. Free as executrix of the Estate on April 21, 2005.

---

[1] Unless otherwise noted, the facts recited here are undisputed.

1

According to the terms of the Note, interest on the principal accrued at the rate of 5.5% per annum, and payment of the principal and accrued interest totaling $590,854.31 (the "Repayment Amount") was due on April 1, 2013. The Note also included multiple "Events of Default," which entitled plaintiff "at [his] option, to exercise any right or remedy available to [him under the Note], or by statute, at law or in equity[.]" These Events of Default included failing to make a payment within ten days of the due date; transferring or causing to be transferred all or substantially all of the Estate's assets to any person or entity without the prior written consent of plaintiff; and failing to provide plaintiff with a copy of the Estate's balance sheet, statement of income, and cash flows for each calendar year. Additionally, if the Estate failed to pay plaintiff in a timely fashion, the interest rate on the unpaid principal would increase 5.0% over the initial rate, to 10.5% per annum.

It is undisputed that many Events of Default occurred. For example, Ms. Free never provided plaintiff with a copy of the Estate's balance sheet, statement of income, or cash flows for any calendar year. The parties dispute, however, whether the Estate ever repaid any part of the Note. Ms. Free alleges that she paid the principal value of the Note, but not the interest. Plaintiff, on the other hand, alleges that Ms. Free never repaid any part of the Note.

## PROCEDURAL HISTORY

On March 8, 2017, plaintiff sent a written demand to defendants seeking payment of the Repayment Amount. When defendants refused to pay, plaintiff filed the Initial Complaint on March 17, 2017, and an Amended Complaint on April 25, 2017, seeking the Repayment Amount, along with accrued interest, in the total sum of $880,905.90. The Amended Complaint asserts a breach of contract claim against the Estate and Ms. Free in her individual and representative capacities, a breach of fiduciary duty claim against Ms. Free in her individual and representative capacities, and a separate claim for attorney's fees and costs. With discovery complete, Ms. Free

now moves for summary judgment on the claims alleged against her individually and in her capacity as executrix.[2]

**DISCUSSION**

Ms. Free seeks summary judgment on two grounds. First, she argues that the breach of fiduciary duty claim is time-barred because it is subject to a three-year statute of limitations that accrued, at the latest, in April 2013 when the Note was due. Because the Initial Complaint was filed nearly four years later on March 17, 2017, Ms. Free argues that the breach of fiduciary duty claim should be dismissed. Second, Ms. Free argues that Estates, Powers, and Trusts Law ("E.P.T.L.") § 11-4.7(a) bars her from being held personally liable to a creditor for a contract entered into by the Estate.

### I. Summary Judgment Standard

Summary judgment is appropriate where the "movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe the facts in the light most favorable to the non-moving party, and all reasonable inferences and ambiguities must be resolved against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] In their brief dated May 15, 2018, defendants sought summary judgment on a third ground, that the breach of contract claim alleged against Ms. Free and the Estate was time-barred. By letter dated June 5, 2018, defendants withdrew that ground for summary judgment.

3

## II. Breach of Fiduciary Duty

Plaintiff's breach of fiduciary duty claim alleges that Ms. Free "breached her fiduciary duty by failing to pay [p]laintiff the amounts due under the Note." (Amended Complaint, D's Ex. 1 at ¶ 26). This claim is alleged against Ms. Free in her individual capacity and seeks monetary damages "for all amount due and owing to [p]laintiff under the Note." (*Id.* at ¶ 27).

In New York, the statute of limitations for a breach of fiduciary duty is six years if seeking equitable relief and three years if seeking money damages. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (N.Y. 2009); C.P.L.R. § 214(4). Plaintiff's breach of fiduciary duty claim seeks only monetary damages and is therefore governed by the three-year statute of limitations. With regard to the accrual date, it is undisputed that the Event of Default under which Plaintiff seeks his remedy is the failure to pay the Repayment Amount by April 1, 2013.[3] Plaintiff further concedes the general principle that fiduciary duty claims sounding in contract begin to accrue at the time of the contractual breach. (Plaintiff's Opposition at 18-19). Thus, plaintiff was required to bring his claim for breach of fiduciary duty against Ms. Free by no later than April 1, 2016. The Initial Complaint was not filed until March 17, 2017, and is thus well beyond the three-year statute of limitations. For the reasons stated below, plaintiff's arguments to toll the statute of limitations are unavailing.

First, plaintiff argues that the limitations period is tolled because a breach of fiduciary duty claim does not commence until the fiduciary has openly repudiated her obligations. Plaintiff claims that Ms. Free has never openly repudiated her fiduciary obligations, and, therefore, the statute of limitations is tolled until she does so expressly. While in certain circumstances, a breach

---

[3] The parties dispute the *earliest* date upon which the Estate defaulted on the Note. However, the court need not address whether the failure to send financial statements annually qualified as an Event of Default because the claim is time-barred even by the most recent Event of Default.

4

of fiduciary duty does not accrue until there is an open repudiation of the fiduciary obligation, *see Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001), "the open repudiation doctrine is inapplicable to [plaintiff's] claim because the doctrine only applies to the six-year statute of limitations for equitable relief—not the three-year period for monetary damages." *Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*, 2012 WL 3930112, at *9 (S.D.N.Y. Sept. 10, 2012).

Second, plaintiff argues that the breach of fiduciary duty claim against Ms. Free is tolled under *Knox v. HSBC Bank, USA*, 16 A.D.3d 199 (1st Dep't 2005), because the Estate's affairs have not been fully wound up. Plaintiff's reading of *Knox* is mistaken. "A cause of action for breach of fiduciary duty accrues when the breach occurs." *Quinn v. Teti*, 234 F.3d 1262, 1262 (2d Cir. 2000). The alleged breach of fiduciary duty here is the claimed failure of the executrix to pay the Repayment Amount to plaintiff on April 1, 2013. *Knox* does not extend the accrual date or toll the statute of limitations for liability on a breach of contract claim against a fiduciary indefinitely; it merely states the uncontroversial principle that a fiduciary's duties to estate beneficiaries persist until the affairs of the estate are finally wound up. In sum, plaintiff cannot maintain a claim against an executrix in perpetuity for a discrete breach of fiduciary duty simply because the Estate is not fully wound up.

Finally, plaintiff argues that Surrogate's Court Procedure Act ("S.C.P.A.") § 1810 provides "an alternate vehicle" to pursue his claims against Ms. Free individually, so long as the statute of limitations on the underlying breach of contract claim against the Estate has not passed. According to plaintiff, S.C.P.A. § 1810 allows a plaintiff to bring a claim against an estate at any time, provided that the claim is within sixty days of the claim's rejection by the estate. Plaintiff is incorrect. S.C.P.A. § 1810 does not *extend* the time for plaintiff to assert claims. Instead, S.C.P.A.

§ 1810 "allows a claimant to bring an action in another court of competent jurisdiction as long as he does so within sixty days of the rejection of the claim; otherwise he may get relief *only* in the Surrogate's Court." Turano, Supplemental Practice Commentary, N.Y. S.C.P.A. § 1810 (McKinney 2011) (emphasis added). If plaintiff's reading of the statute prevailed, it would mean that cases where the statute of limitations expired decades prior could be revived by drafting a simple claim letter. S.C.P.A. § 1810 simply does not toll plaintiff's breach of fiduciary duty claim.

Accordingly, Ms. Free's motion for summary judgment on plaintiff's breach of fiduciary duty claim is granted because the claim is barred by the statute of limitations.

### III. Breach of Contract

Plaintiff also brings a claim against Ms. Free, individually and in her capacity as executrix, for breach of contract for "fail[ing] to pay Plaintiff the sums due to him pursuant to the terms of the Note." (Amended Complaint, D's Ex. 1 at ¶¶ 19, 21). Under E.P.T.L. § 11-4.7(a), "a personal representative is not individually liable on a contract properly entered into in his fiduciary capacity in the course of administration of the estate unless he fails to reveal his representative capacity and identify the estate or trust in the contract." It is undisputed that Ms. Free signed the Note only in her representative capacity and did not fail to reveal that at any point. Ms. Free is therefore not liable in her individual capacity for the Note that she entered into in a representational capacity. *See In re Estate of Warhol*, 210 A.D.2d 46, 47 (N.Y. 1994).

Ms. Free fails, however, to provide any basis why the breach of contract claim should be dismissed against her in her representative capacity. According to E.P.T.L. § 11-4.7(c), "[c]laims based on contracts entered into by a personal representative in his fiduciary capacity, on obligations arising from ownership or control of the estate ... may be asserted against the estate by proceeding against the personal representative in his fiduciary capacity, whether or not the

personal representative is individually liable therefor." E.P.T.L. § 11-4.7(c). Moreover, under New York law,[4] "[a]n estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity." *Visutton Assocs. v. Fastman*, 44 Misc.3d 56, 58 (2d Dep't 2014) (quoting *Grosso v. Estate of Gershenson*, 33 A.D.3d 587, 587 (2d Dep't 2006)). The breach of contract claim against Ms. Free in her representative capacity survives.

### IV. Plaintiff's Remaining Arguments

Plaintiff's Opposition further cites E.P.T.L. §§ 13-1.3 and 12-1.1(a) as potential bases for the imposition of individual liability on Ms. Free. His arguments regarding these sections are unmoored from his claims for breach of fiduciary duty and breach of contract because they attempt to assert liability against Ms. Free as a *beneficiary* of the Estate. Such a theory of the case is not supported by the amended complaint. "It is 'inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion' because it fails to 'give defendants fair notice of the nature of the plaintiff's claim' and thus undermines the purpose of Federal Rule of Civil Procedure 8(a)." *Espinoza v. N.Y. City Dept. of Trans.*, 304 F. Supp. 3d 374, 384 (S.D.N.Y. 2018), *appeal dismissed* (2d Cir. 2018) (citing *Thomas v. Egan*, 1 Fed. Appx. 52, 54 (2d Cir. 2001)).

In any event, even if plaintiff had properly pleaded claims against Ms. Free as a beneficiary originally, plaintiff's reading of the E.P.T.L. provisions does not provide a basis for him to hold Ms. Free individually liable. Plaintiff first cites E.P.T.L. § 13-1.3(f) and *Matter of Maron*, 49 A.D.2d 244 (4th Dep't 1975), for the principle that distributions to beneficiaries are subject to

---

[4] In accordance with Fed. R. Civ. P. 17(b)(3), an estate's capacity to sue or be sued is governed by New York law. *See Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 373–74 (S.D.N.Y. 2018).

abatement if there are insufficient assets to pay the debts of an estate. While § 13-1.3(f) states that personal representatives may be liable to beneficiaries whose rights have been impaired by the improper abatement of assets, that provision does not discuss the liability of personal representatives or beneficiaries with regard to creditors.

Plaintiff next relies on § 12-1.1(a) for the related principle that distributees and testamentary beneficiaries are liable for the debts of an estate where there is insufficient property of the estate available to satisfy such debts. This section allows a judgment-creditor of an estate to seek payment from beneficiaries following an accounting of the estate, and subject to other conditions. "If and when plaintiff obtains a judgment against the estate, then and only then may plaintiff maintain an action to pursue the assets of the estate which have gone into the hands of distributees." *Wallace v. Ford*, 44 Misc. 2d 313, 318 (Sup. Ct. Erie Cty. 1964) (applying predecessor of E.P.T.L. § 12-1.1(a), Decedent Estate Law § 170). Plaintiff has no judgment against the Estate, and thus any attempt to hold Ms. Free liable as a beneficiary at this time is premature.

In sum, plaintiff cannot proceed against Ms. Free individually based on E.P.T.L. §§ 13-1.3 or 12-1.1(a).

## CONCLUSION

Ms. Free's motion for summary judgment dismissing the breach of fiduciary duty claim and the breach of contract claim against her in her individual capacity is granted. The motion for summary judgment dismissing the breach of contract claim against Ms. Free in her representative capacity is denied.

The parties are instructed to file a joint pretrial order by May 16, 2019 in accordance with this court's individual motion practices. The parties are further directed to file proposed verdict sheets, requests to charge, *voir dire* questions, and any motions *in limine* by June 13, 2019.

Responses to any motions *in limine* are to be filed by June 27, 2019. A final pretrial conference and trial date will be set by the court by separate order.

Finally, the court notes that a breach of contract claim remains against the Estate of Madeline Castellotti. In light of my analysis above, the parties are directed to confer to determine whether the same claim against the Estate, separate and apart from the breach of contract claim against Ms. Free in her representational capacity, can stand. The parties should address their respective positions on this matter in the joint pretrial order.

SO ORDERED.

/s/ *Nina Gershon*

NINA GERSHON
United States District Judge

Dated: April 18, 2019
Brooklyn, New York